IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ISRAEL ANTONIO TORRES # 01601476    §

v.                                  §        CIVIL ACTION NO. 6:23cv145

KEITH FOUST, ET AL.                 §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Israel Torres, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The case was originally filed in the Southern District of Texas and was transferred to the Eastern District.

**I. The Plaintiff's Complaint**

In his original complaint, signed on February 22, 2023, Plaintiff states that on January 6, 2023, Lt. Foust and an officer named Angela Netty came to his cell between 2:45 and 3:45 p.m. without mental health or medical personnel. Lt. Foust opened the door slot and told him to "cuff up." Plaintiff asked where he was going and Foust replied that he would tell Plaintiff when he came out of the cell. When he came out, Foust told him that he was going on CDO (continuous direct observation). Plaintiff states that he then sat down in front of his cell and told the officers to call the major and the warden.

Plaintiff states that Lt. Foust then "elbow-punched" him in the face and broke his nose, and Officer Netty tried to poke out his eyes for ten minutes. The officers then called for backup and

1

medical staff, and other officers came with a use of force camera and a gurney. They took him to 12 Building E Pod 3 Cell, where he remained on continuous direct observation for six days.

In his first "statement of claim" (docket no. 4), Plaintiff states that he was not hostile or fighting.  He describes the cell as a "butt naked cell" and says that he was stripped of his clothes and given a paper gown to wear. An officer sat in a chair in front of his cell for the six days he was there. Plaintiff states that he does not know why he was put in an observation cell because he had not told anyone that he wanted to hurt himself or anyone else.  He also received a major disciplinary case written by Officer Casson, who was not even there when Foust and Netty assaulted him.

In a second statement of claim (docket no. 12), Plaintiff complains that he was found guilty in the disciplinary case he received and states that the hearing violated the time limitations set out in the TDCJ rules.

However, Plaintiff raises the same claims which appear in the present lawsuit in an earlier case he filed, under cause no. 6:23cv107.  That complaint is not dated but was filed in the Southern District of Texas on February 1, 2023, and later transferred to this Court.  In case no. 6:23cv107, as in the present lawsuit, Plaintiff complains of the use of force on January 6, 2023, confinement in what he calls the "butt naked cell" for six days, the disciplinary case written by Officer Casson, and the alleged violation of the time limits for disciplinary cases.

## II. Discussion

The Fifth Circuit has stated that prisoner complaints which duplicate claims in prior lawsuits may be  dismissed as malicious under 28 U.S.C. §1915A.  *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Sowell v. Estelle Medical Department*, slip op. no. 21-20603, 2022 U.S. App. LEXIS 22154, 2022 WL 3229982 (5th Cir., August 10, 2022) (affirming dismissal as frivolous of duplicative case where the district court determined that the complaint was frivolous because it was malicious). Because Plaintiff's current lawsuit simply duplicates the claims raised in cause no. 6:23cv107, it may be dismissed as malicious.

**III. Conclusion**

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The present lawsuit may be dismissed as malicious because it duplicates claims made in another lawsuit by Plaintiff.

RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed with prejudice as malicious. The dismissal of this lawsuit should not prevent Plaintiff from pursuing his claims in cause no. 6:23cv107.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 10th day of April, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE